**L. K. SMITH COMPANY, Plaintiff-Appellant, v. LIVINGSTON et, Defendants-Appellees.**

Ohio Appeals, Second District, Darke County.

No. 636. Decided July 7, 1945.

S. E. Mote, Greenville, for plaintiff-appellant.

E. M. Dunn, Union City, Indiana, and L. E. Kerlin, Greenville, for defendants-appellees.

## OPINION

BY THE COURT:

After a number of pleadings and preliminary motions, this case came on for trial before a jury. The issues were finally submitted on a petition to recover upon a promissory note alleged to have been signed by the two defendants. The final defense was that the note had been paid.

The case was tried to a jury which found in favor of the defendants, and the court rendered judgment upon this verdict and a proper appeal was taken to this court.

Assignments of errors are made to which the court has given attention.

The petition in this case is based upon a promissory note alleged by the plaintiff to have been made and delivered to it by the defendants. The answer admits the making and delivery of the note, but alleges that the same had been paid in either one of two ways; first, by the mother of the defendants concerning whom it was testified that she went to the bank where the note had been left by the plaintiff and there paid the same; the second claim of payment is based upon the allegation that there were a number of notes given by the defendants to the plaintiff, part of which were secured by mortgages on certain chattel property. It is asserted that this property was sold for a price sufficient not only to pay the note for which it was specifically pledged, but to leave a surplus sufficient to pay the note now in suit.

Defendants plead payment, and the burden of proof was upon them, but it is admitted that the note sued upon was renewed three or four times after the sale of the tractor and truck, the purchase price of which it was claimed liquidated the indebtedness. The plaintiff company brings in specific and definite evidence as to the notes which the defendants had given, the credits on them, when made and amounts and discloses full credit to defendants for the proceeds of the tractor and truck. Against this, one defendant testifies generally that the $200.00 note sued upon was to be wiped out when the tractor and truck were sold. If his statement is true and it certainly is very doubtful, it would not establish his defense of payment of the note sued upon but want of consideration. We are of the opinion that the jury was not justified in finding that the evidence established that the note had been paid and in giving judgment for the defendants and that the verdict and judgment are manifestly against the weight of the evidence.

We find no merit in the other assignments of error.

Decision of the Court below reversed. Entry may be drawn accordingly.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.